IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KARIME CHAVARRIA,               )

                    )

      Plaintiff,            )

                    )

VS.                   )       CIVIL ACTION NO.

                    )

FIESTA MART, L.L.C.,       )       3:25-CV-2383-G

                    )

      Defendant.       )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion for summary judgment of the defendant Fiesta

Mart, L.L.C. ("Fiesta Mart" or "defendant") (docket entry 28).  The plaintiff Karime

Chavarria ("Chavarria" or "plaintiff") failed to respond to the motion.  For the

reasons discussed below, Fiesta Mart's motion is granted.

### I.  INTRODUCTION

#### A.  Factual Background

This case concerns a slip-and-fall accident that occurred at Fiesta Mart's store

located at 3030 South Lancaster Road in Dallas, Texas ("the premises") on or about

July 18, 2024.  *See generally* Plaintiff's Original Petition ("Petition"), *attached to*

Defendant Fiesta Mart, L.L.C.'s Notice of Removal ("Notice") (docket entry 1).

Chavarria allegedly slipped on a recently mopped floor as she walked toward the exit of the premises. *Id*. ¶ 6. Fiesta Mart contends that Chavarria was aware of the liquid on the floor prior to falling and admits that she does not have personal knowledge regarding how the condition was created or how long it existed before she slipped and fell. Defendant Brief's in Support of its Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 ("Motion") (docket entry 29) at 2 (citing Deposition of Karime Chavarria ("Chavarria Deposition"), *attached to* Defendant's Appendix to Brief in Support of Defendant's Motion for Summary Judgment (docket entry 30) at 22, 41. Additionally, Chavarria is not aware of any prior reports to Fiesta Mart employees about the condition. *Id*. at 3 (citing Chavarria Deposition at 50).

B. <u>Procedural Background</u>

On July 29, 2025, Chavarria filed suit against Fiesta Mart in the 44th Judicial District Court of Dallas County, Texas. *See generally* Petition. Chavarria asserts only a premises liability claim against Fiesta Mart.[1] *Id*. In addition to her allegation that Fiesta Mart failed to properly train or supervise its agents, servants, and employees, Chavarria maintains that Fiesta Mart failed to make its premises reasonably safe by

---

[1]    The court construes Chavarria's claim of negligence, *see generally* Petition, as a premises liability cause of action because her allegation arises out of an injury by a condition of the premises. See *Robles v. Ross Stores, Inc.*, No. 3:16-CV-0086-B, 2017 WL 2306527, at *2-*4 (N.D. Tex. May 26, 2017) (Boyle, J.).

failing to inspect its premises and by failing to disclose those areas on its floor that posed an unreasonable risk of injury. *Id*. Chavarria contends that Fiesta Mart did not "maintain a hazard free environment" or take reasonable steps to warn her, and that these failures created an unreasonably dangerous condition. *Id*. As a result, Chavarria claims that she sustained injuries and damages. *Id*. Chavarria failed to dispute Fiesta Mart's assertion that she has produced no evidence of past and future mental anguish, future medical expenses, future physical impairment, and loss of earning capacity. *See* Motion at 3-4, 14-15.

On September 4, 2025, Fiesta Mart removed the case to this court on the basis of diversity of citizenship jurisdiction. *See* Notice ¶ 4. On May 1, 2026, Fiesta Mart filed the instant motion for summary judgment. *See* Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (docket entry 28). Chavarria failed to respond to the motion. The motion is now ripe for decision.

## II. ANALYSIS

### A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a), (c)(1).[2] A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in her favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a

---

[2] Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

- 4 -

genuine issue as to a material fact.  See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986).

## B.  Application

A "landowner's premises-liability duty is to either make safe or warn invitees of concealed dangers of which the landowner is or should be aware but the invitee is not; and . . . in most cases, a landowner owes no duty to protect an invitee against a dangerous condition that is open and obvious or known to the invitee . . . ." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 201 (Tex. 2015); see also *Maldonado v. AEP Texas Inc.*, 681 F. Supp. 3d 704, 709 (S.D. Tex. 2023) ("Under Texas law, when a hazardous condition is 'open and obvious or known to the invitee,' the duty to warn ceases to exist because open and obvious hazards are equally discoverable by landowners and invitees alike.").[3]  A plaintiff who qualifies as an invitee (*i.e.*, "one who enters on another's land with the owner's knowledge and for the mutual benefit of both"), *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (citations

---

[3]     "Whether a danger is open and obvious is a question of law determined under an objective test . . . . Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021) (citations omitted).

omitted), must prove four elements to succeed on a premises liability claim against the owner:

> (1)    Actual or constructive knowledge of a condition on the premises by the owner or occupier;
>
> (2)    That the condition posed an unreasonable risk of harm;
>
> (3)    That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4)    That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citations omitted).

Fiesta Mart does not contest Chavarria's status as an invitee.  *See* Motion at 9. Fiesta Mart maintains, as a matter of law, it is entitled to summary judgment because it "had no duty to warn or make safe the defective condition, as Plaintiff already had knowledge of the alleged danger in the first place, making it open and obvious" or alternatively that there is no evidence that Fiesta Mart knew or should have known that the condition existed.  *Id*. at 8-14.  As Chavarria failed to respond to Fiesta Mart's motion for summary judgment, the court finds Chavarria's lack of proof regarding the elements outlined above conclusive.

A plaintiff can demonstrate either the owner's actual or constructive knowledge of a dangerous condition.  *Keetch v. Kroger Company*, 845 S.W.2d 262, 265 (Tex. 1992).  In slip-and-fall cases, a plaintiff establishes actual knowledge by proving

- 6 -

"the defendant placed the substance on the floor [or] actually knew that the substance was on the floor . . . ." *Reece*, 81 S.W.3d at 814.  Chavarria failed to produce evidence that Fiesta Mart had actual knowledge of the liquid on the floor or temporal evidence that it should have reasonably discovered it.  See *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).  Constructive knowledge requires a showing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.*  A prerequisite to proving an "owner's constructive knowledge of a hazardous condition [is] show[ing] that the hazardous condition existed for some definite length of time." *Sturdivant v. Target Corporation*, 464 F. Supp. 2d 596, 602 (N.D. Tex. 2006) (Lynn, J.) (citing *Reece*, 81 S.W.3d at 815).  "Texas adopted this 'time-notice' rule because 'temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition.'" *Id.* (quoting *Reece*, 81 S.W.3d at 816).  Here, there is no knowledge of a recurring problem sufficient to constitute constructive notice.

Chavarria does not deny that the condition was open and obvious and has proffered no evidence that Fiesta Mart had actual or constructive knowledge of the liquid on the floor.  Because Chavarria has not established a genuine issue of material fact regarding the knowledge element – an essential element of her premises liability claim – summary judgment for Fiesta Mart is proper.  See *Dunn v. Wal-Mart Stores,*

*Inc.*, No. 3:17-CV-1187-K, 2018 WL 4772408, at \*4 (N.D. Tex. Oct. 3, 2018)

(Kinkeade, J.) ("Even if the condition was not open and obvious and known to

Plaintiff, her premises liability claim would still fail because she did not create a

genuine issue of material fact as to the required notice element."); see also *Brookshire*

*Grocery Company v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006).

### III.  <u>CONCLUSION</u>

For the reasons discussed above, the defendant's motion for summary

judgment is **GRANTED**.  Judgment will be entered for Fiesta Mart.

**SO ORDERED**.

June 12, 2026.

_____

**A. JOE FISH**
**Senior United States District Judge**

- 8 -